NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CESAR R. VAZQUEZ TORRES,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2022-2187

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4160, Judge Scott Laurer.

---

Decided:  February 7, 2023

---

CESAR R. VAZQUEZ TORRES, San Juan, PR, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before PROST, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Cesar R. Vazquez Torres appeals from the United States Court of Appeals for Veterans Claims' ("Veterans Court") decision denying his petition for a writ of mandamus. Because Mr. Vazquez Torres's appeal is moot, we dismiss.[1]

## BACKGROUND

In April 2016, a U.S. Department of Veterans Affairs ("VA") regional office ("RO") granted Mr. Vazquez Torres entitlement to a 70-percent rating for his service-connected chronic adjustment disorder with mixed anxiety and depressed mood. Appx2.[2] The RO also granted Mr. Vazquez Torres entitlement to a total disability rating based on individual unemployability ("TDIU") due "in part [to] the impairment caused by [his] chronic adjustment disorder." Appx2–3. Both of these entitlements were given an effective date of January 12, 2016. *See* Appx37. But, two months later, the RO proposed to sever Mr. Vazquez Torres's service connection for the chronic adjustment disorder due to a clear and unmistakable error in its April 2016 decision and, as a result, discontinue Mr. Vazquez Torres's TDIU entitlement. Appx3. The RO notified Mr. Vazquez Torres of its decision to take those actions, and Mr. Vazquez Torres appealed to the Board of Veterans' Appeals ("Board"). Appx3.

In March 2018, the Board determined that the RO's severance of service connection for Mr. Vazquez Torres's chronic adjustment disorder was error, and the RO implemented the Board's decision in April 2018. Appx3.

---

[1] For the same reason, we dismiss Mr. Vazquez Torres's separate request for mandamus directed to this court. Informal Reply Br. 3.

[2] "Appx" refers to the appendix attached to Appellee's informal response brief.

However, neither the Board's March 2018 decision nor the RO's April 2018 decision addressed or otherwise adjudicated Mr. Vazquez Torres's TDIU entitlement. Appx3.

Mr. Vazquez Torres did not appeal the Board's 2018 decision. Instead, he separately petitioned for mandamus and asked the Veterans Court to "order [the] VA to restore his TDIU rating and pay retroactive benefits." Appx3. The Veterans Court denied that petition because Mr. Vazquez Torres had not "exhausted alternate means to obtain the desired relief"—namely, Mr. Vazquez Torres had not filed a motion with the Board to revise its March 2018 decision to address his TDIU rating. Appx4–5. Mr. Vazquez Torres initiated this appeal from the Veterans Court's denial of his petition in September 2022.

Since then, in October 2022, the RO issued a decision resuming Mr. Vazquez Torres's TDIU entitlement "effective January 12, 2016." Appx36. As the RO explained, the Board's March 2018 decision restoring service connection for Mr. Vazquez Torres's chronic adjustment disorder also, logically, required restoring Mr. Vazquez Torres's TDIU entitlement. Appx37 (describing Mr. Vazquez Torres's TDIU entitlement as a "downstream issue" of his service-connected chronic adjustment disorder entitlement).

## DISCUSSION

"[M]ootness . . . is a threshold jurisdictional issue," *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002), "derive[d] from" the constitutional requirement that there be "a case or controversy" in order for a federal court to exercise its judicial power, *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *see* U.S. CONST. art. III, § 2. A claim is moot, for example, when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (cleaned up), like when the complaining party has already received the

desired relief from his opposing party, *see DeFunis*, 416 U.S. at 316–20.

But there are exceptions to mootness. Relevant here, a claim is not moot when it is "capable of repetition, yet evading review." *See id.* at 318–19. Mr. Vazquez Torres argues that this exception applies to his appeal because, he contends, a VA entity may discontinue his TDIU entitlement in the future and resolution of this appeal would act "as a preventative measure" to preclude such an action. Informal Reply Br. 2–3 (emphasis omitted).

Mr. Vazquez Torres's appeal does not present a claim that is "capable of repetition, yet evading review." Mr. Vazquez Torres's argument to the contrary ignores the "yet evading review" prong. Nothing in the record suggests that Mr. Vazquez Torres would not be able to obtain an appeal from a future RO decision discontinuing his TDIU entitlement.

Mr. Vazquez Torres's appeal seeking full restoration of his TDIU entitlement was rendered moot by the RO's October 2022 decision granting that relief. We therefore lack jurisdiction and must dismiss. *See Myers*, 275 F.3d at 1369.

## CONCLUSION

We have considered Mr. Vazquez Torres's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss Mr. Vazquez Torres's appeal.

**DISMISSED**

### COSTS

No costs.